UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE CO., | No. 2:18-cv-02746-MCE-KJN |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS GRANTING PLAINTIFF'S |
| ALL NEW PLUMBING, INC., ELLIOTT HOMES, INC., and BROADSTONE LAND LLC, | MOTION FOR DEFAULT JUDGMENT (ECF No. 21.) |
| Defendants. | |

Plaintiff Atain Specialty Insurance Co. seeks a declaratory judgment against Defendant All New Plumbing ("ANP") concerning the scope of insurance coverage as between them.[1] (ECF No. 1.) Presently pending before the Court is Atain's motion for a default judgment against ANP. (ECF No. 21.) After ANP failed to appear, answer the complaint, or oppose Atain's motion, the Court took the default motion under submission without oral argument per Local Rule 230(g). (ECF No. 22.) For the reasons discussed below, the Court recommends Plaintiff's motion be GRANTED, and so recommends default be entered against Defendant ANP.

---

[1] Atain initially sought default against all three named Defendants. However, on July 16, 2019, Atain voluntarily dismissed with prejudice Defendants Elliott Homes and Broadstone Land. (ECF No. 24.) Because those Defendants had yet to answer, the dismissal took immediate effect. See Fed. R. Civ. P. 41(a). Thus, the Court restricts discussion of Atain's motion for default judgment as asserted against Defendant ANP.

1

**Background**

On December 3, 2015, James McCall, an employee of ANP (subcontractor for a bathroom build–out project) fell from a ladder while on the job and sustained serious bodily injuries. (ECF No. 1 at ¶ 18.) McCall sued Elliott Homes (the general contractor) and Broadstone (the landowner) in California state court, alleging negligence and premises liability. (Id. at ¶ 24.) Broadstone in turn filed a cross–complaint against Elliott Homes and ANP, seeking equitable and express indemnity, apportionment of liability, contribution, and declaratory relief. (Id. at ¶ 33.)

At the time of McCall's injuries, ANP maintained an insurance policy with Atain. (Id. at ¶ 7.) ANP's contract with Elliott Homes required it to name Elliott and Broadstone as "additional insureds"; ANP did so. (Id. at ¶ 14.) After Atain became aware of the McCall incident, it notified ANP that it would not defend or indemnify ANP in either the Broadstone cross–complaint or the underlying McCall action; Atain based its decision on the terms of the Policy and related endorsements. (ECF No. 21–1 at Ex. A to Stargardter Decl.)

The Policy states Atain will pay for damages arising from "bodily injury . . . to which this insurance applies," and states Atain has "the right and duty to defend the insured against any 'suit' seeking those damages." (ECF No. 1 at ¶ 9.) The Policy also states that Atain "will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' . . . to which this insurance does not apply . . . ." (Id.) The Policy limits coverage of bodily injuries to those "caused by an 'occurrence' [i.e. an accident] that takes place in the coverage territory . . . during the policy period." (Id. at ¶¶ 9, 11.) The Policy then sets forth two exclusions, entitled "Contractual Liability" and "Employer's Liability." (Id. at ¶ 10.) The Contractual Liability section excludes coverage for bodily injury "for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement." (Id.) The Employer's Liability section excludes coverage for:

> 1. "Bodily injury" to an "employee" . . . arising out of and in the course of employment by or service to any insured for which any insured may be held liable as an employer or in any other capacity;
>
> 2. Any obligation of any insured to indemnify or contribute with

> another because of damages arising out of "bodily injury" to an "employee" . . . arising out of and in the course of the employment by or service to any insured for which any insured may be held liable as an employer or in any other capacity;
>
> * * *
>
> 4. Contractual liability as defined in [the Contractual Liability exclusion].

(Id. at ¶ 10.) The Policy also states the exclusion "applies to all causes of action arising out of 'bodily injury' to any 'employee' . . . including care and loss of services." (Id.)

After Atain traded position statements with Elliott and Broadstone concerning the scope of the Policy, Atain filed the instant action for declaratory relief. (Id.) Atain's third cause of action seeks a declaration that under the Policy, it has "no duty to defend or indemnify ANP against the cross–complaint filed by Broadstone." (Id. at pp. 15–16.) Atain admits ANP is the named insured, and that "the claims asserted against ANP in the cross–complaint filed by Broadstone" fall within the scope of the Policy. (Id. at ¶¶ 73–74.) However, Atain asserts that all potential coverage for the claims in the cross–complaint is excluded by Par. 1, 2, and 4 of the Employer's Liability section. (Id. at ¶¶ 75–78.) Believing the McCall claims are for more than $75,000, and recognizing that a controversy exists as to the language in the Policy, Atain requested "a judicial determination of its rights and liabilities, if any, and a declaration that it has no duty to defend or indemnify ANP with respect to any claims asserted in the [Broadstone] cross–complaint[.]" (Id. at ¶¶ 79, 82, 84.)

ANP was properly served with process (ECF No. 5), but failed to answer or otherwise appear; the Clerk of the Court entered a notice of default on May 16, 2019, pursuant to Atain's request. (ECF Nos. 15, 16.) The instant motion for default judgment followed, and was served on ANP. (ECF No. 21.) After ANP failed to respond to the motion for default judgment, the Court vacated the hearing and granted ANP an additional 21 days to respond; this order was also served on ANP. (ECF Nos. 22 and 23.) Thereafter, Atain dismissed Broadstone and Elliot, but reasserted its intent to seek default against ANP (ECF Nos. 24, 25.)

///

///

**Legal Standard**

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff,
> (2) the merits of plaintiff's substantive claim,
> (3) the sufficiency of the complaint,
> (4) the sum of money at stake in the action,
> (5) the possibility of a dispute concerning material facts,
> (6) whether the default was due to excusable neglect, and
> (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); accord Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). In addition, although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007) (stating that a defendant does not admit facts that are not well-pled or conclusions of law); Abney v. Alameida, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim"). A party's default does not establish the amount of damages. Geddes, 559 F.2d at 560.

**Analysis of Eitel Factors**

**Factor One: Possibility of Prejudice to Plaintiff**

The first Eitel factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff militates in favor of granting a default judgment. See PepsiCo, Inc., 238 F. Supp. 2d at 1177. Here, Atain would potentially face prejudice if the court did not enter a default judgment. Absent entry of a default judgment, Atain would be without another recourse against ANP. Accordingly, the first Eitel factor favors the entry of a default judgment against ANP.

**Factors Two and Three: The Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint**

The Court considers the merits of Atain's substantive claims and the sufficiency of the Complaint together because of the relatedness of the two inquiries. The Court must consider whether the allegations in the Complaint are sufficient to state a claim that supports the relief sought. See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F. Supp. 2d at 1175.

Here, Atain seeks a declaratory judgment as to the scope of the Policy, a subject ripe for relief under the declaratory judgment act. 28 U.S.C. § 2201; see also Burlington Ins. Co. v. Oceanic Design & Const., Inc., 383 F.3d 940, 952 (9th Cir. 2004) ("A declaratory judgment is a binding adjudication that establishes the rights and other legal relations of the parties where those rights are in doubt. If the insurer obtains a declaratory judgment that there is no coverage, then there is no longer legal uncertainty, and thus no basis to impose a continuing obligation on the insurer.") (cleaned up). The Court has jurisdiction to enter a declaratory judgment under 28 U.S.C. § 1332, as the Complaint asserts the parties are completely diverse. Further, it appears California law supports the entry of a default judgment under the facts stated in the Complaint— which are taken as true given the entry of default. TeleVideo, 826 F.2d at 917-18.

In California, an insurer owes a broad duty to "defend a suit which potentially seeks damages within the coverage of the policy." Gray v. Zurich Ins. Co., 65 Cal. 2d 263, 275 (1966). "Any doubt as to whether the facts establish the existence of the defense duty must be resolved in the insured's favor." Montrose Chem. Corp. of Cal. v. Superior Court, 6 Cal. 4th 287 (1993).

Thus, it is only "in an action wherein none of the claims is even potentially covered because it does not even possibly embrace any triggering harm of the specified sort within the policy period caused by an included occurrence, the insurer does not have a duty to defend." Scottsdale Ins. Co. v. MV Transp., 36 Cal. 4th 643 (2005). The determination whether the insurer owes a duty to defend usually is made by comparing the allegations of the complaint with the terms of the policy. Montrose, 6 Cal. 4th at 295.

Here, Atain's Complaint states that the underlying action in California state court (as between McCall and Elliott Homes/Broadstone) is for negligence and premises liability; McCall was an employee of ANP and was injured on the job. (ECF No. 1 at ¶¶ 14, 18.) Broadstone filed a cross–complaint against ANP for indemnification, apportionment of liability, contribution, and declaratory relief. (Id. at 33.) Any coverage that might exist between Atain and ANP would be considered "bodily injury" section of the Policy. (Id. at ¶ 9, 11.) However, the Policy clearly excludes:

1. "Bodily injury" to an "employee" . . . arising out of and in the course of employment by or service to any insured for which any insured may be held liable as an employer or in any other capacity;

2. Any obligation of any insured to indemnify or contribute with another because of damages arising out of "bodily injury" to an "employee" . . . arising out of and in the course of the employment by or service to any insured for which any insured may be held liable as an employer or in any other capacity;

\* \* \*

4. Contractual liability as defined in [the Contractual Liability exclusion].

(Id. at ¶ 10.) This includes any "care and loss of services" allegations arising from the bodily injury. (Id.) Further, the Policy contains a "contractual liability" exclusion, which omits coverage for bodily injury "for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement." (Id.) Because McCall's bodily injury suit is plainly contemplated in the Policy as being excluded, and because the Policy explicitly states that Atain would have no duty to defend where the issue was excluded, the merits of Atain's declaratory judgment action are sound. Navigators Specialty Ins. Co. v. Howard Drywall, Inc.,

6

2010 WL 11570679, at *10 (E.D. Cal. Mar. 18, 2010) (finding that the insurer had no duty to defend or indemnify "[s]ince the Employer's Liability Exclusion Endorsement is conspicuous, plain and clear [and so] is valid and controlling.").

Accordingly, the second and third Eitel factors favor the entry of a default judgment against ANP.

**Factor Four: The Sum of Money at Stake in the Action**

Under the fourth factor cited in Eitel, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1176-77; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003). In this case, Atain seeks declaratory relief only. Under these circumstances, the Court concludes that this factor favors the entry of a default judgment against ANP. See, e.g., Integon Preferred Ins. Co. v. Broughton, 2017 WL 8186043, at *3 (C.D. Cal. Aug. 4, 2017) (finding this factor weighing in favor of granting default judgment because "plaintiff seeks only a declaratory judgment that it is no longer under an obligation to defend or indemnify Defendant in the appeal, and there is no sum in contention . . . .").

**Factor Five: The Possibility of a Dispute Concerning Material Facts**

Because the court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default, there is no likelihood that any genuine issue of material fact exists. See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F. Supp. 2d at 1177. As such, the court concludes that the fifth Eitel factor favors a default judgment against ANP.

**Factor Six: Whether the Default Was Due to Excusable Neglect**

In this case, there is simply no indication in the record that ANP's default was due to excusable neglect. Accordingly, this Eitel factor favors the entry of a default judgment against ANP.

**Factor Seven: The Strong Policy Underlying the Federal Rules of**

**Civil Procedure Favoring Decisions on the Merits**

"Cases should be decided upon their merits whenever reasonably possible." <u>Eitel</u>, 782 F.2d at 1472.  However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action.  <u>PepsiCo, Inc.</u>, 238 F. Supp. 2d at 1177; <u>see also</u> <u>Craigslist, Inc. v. Naturemarket, Inc.</u>, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010).  Accordingly, although the Court is cognizant of the policy in favor of decisions on the merits—and consistent with existing policy would prefer that this case be resolved on the merits—that policy does not, by itself, preclude the entry of default judgment.

**Conclusion**

In sum, after considering and weighing all the <u>Eitel</u> factors, the Court concludes that Atain is entitled to a default judgment against ANP.  (<u>See</u> ECF No. 1 at ¶¶ 72–85.)  All that remains is a determination of the specific relief to which Atain is entitled.

As prayed for in the Complaint, the Court recommends an entry of a declaratory judgment as follows: "By reason of the terms, conditions and exclusions in Policy No. CIP240771, Atain has no duty to defend or to indemnify ANP against the claims asserted in the cross-complaint filed by Broadstone in the McCall Action."  (<u>See</u> ECF No. 1, Prayer for Relief, ¶ 3.)

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment (ECF No. 21) be GRANTED;

2. Judgment be entered in Plaintiff's favor and against Defendant ANP; and

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the

objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

    IT IS SO RECOMMENDED.

Dated:  August 5, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

SD, atai.2746